UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAJUAN MELTON,<br>   *Petitioner*<br><br>v.<br><br>LOIS RUSSO, SUPERINTENDENT,<br>SOUZA-BARANOWSKI<br>CORRECTIONAL CENTER,<br>  et al.<br>   *Respondents* | CIVIL ACTION<br>NO. 1:05-CV-10905-GAO |

PETITIONER'S MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW
BY JUNE 27, 2005

Now comes Petitioner Lajuan Melton and respectfully asks the Court to permit counsel to file a memorandum of law in support of his petition for a writ of habeas corpus by June 27, 2005. In support thereof, Mr. Melton states:

1. On May 3, 2005, counsel moved for leave to file a memorandum of law by May 27, 2005. She now expects that she will be unable to finish a memorandum by that date, for the following reasons:

    a. Counsel is a sole practitioner currently working part-time due to the recent birth of a child.

    b. After mailing her motion to the Court, counsel received an adverse decision in a state criminal case in which she is appointed counsel for the defendant. (The case is Commonwealth v. Ramos, Mass. App. Ct. No. 2003-P-1581, convictions affirmed, 63 Mass. App. Ct. 379 (May 3, 2005).) Counsel spent

- 2 -

much of May preparing and filing the defendant's application for further appellate review, which was due today.

   c.  In a Third Circuit appeal, counsel represents a defendant whom she claims is entitled, under <u>United States</u> v. <u>Booker</u>, 125 S.Ct. 738 (2005), to immediate release. (The case is <u>United States</u> v. <u>Levine</u>, Third Circuit Court of Appeals No. 04-1761.) Counsel spent much of May preparing an emergency motion for summary remand for resentencing in that case.

   d.  Because this is counsel's first habeas case, she has had to spend extra time researching federal law and First Circuit law in particular.

  2. Per Local Rule 7.1(a)(2), counsel contacted the Massachusetts Attorney General's (AG's) Office (Criminal Bureau, Appeals Division), which will be representing respondents, to determine if that office objected to this request. An employee informed counsel that the office had not yet received a copy of the habeas petition and hence had not assigned an attorney to work on it. (Counsel did serve the AG's office by mail, and USPS claims to have delivered the petition to that office on April 28. Counsel will mail a second copy today.) Counsel doubts that the AG's office would object to this motion.

  3. Counsel therefore asks the Court to permit her to file a memorandum of law by June 27, 2005, and respectfully asks the Court not to render a decision on her client's habeas petition until after that date.

- 3 -

Respectfully submitted,

LAJUAN MELTON,

by his attorney,

    /s/Anne E. Gowen
Anne E. Gowen
BBO #630486
64 Princeton-Hightstown Rd., # 127
Princeton Junction, NJ 08550
tel. 609.919.0381
fax 202.478.5203
aegowen@post.harvard.edu

Dated: May 23, 2005.

I hereby certify that a true copy of the above document was served upon the Attorney General for the State of Massachusetts (Criminal Bureau -- Appeals Division), who represents the interests of the respondents (Superintendent Russo and Commissioner Dennehy), by mail, on May 23, 2005.

    /s/Anne E. Gowen
Anne E. Gowen