UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10905-GAO

LAJUAN MELTON,
Petitioner

v.

LOIS RUSSO and KATHLEEN M. DENNEHY,
Respondents

OPINION AND ORDER
October 10, 2007

O'TOOLE, D.J.

Pursuant to 28 U.S.C. § 2254, Lajuan Melton, a Massachusetts prisoner currently serving a sentence for second degree murder, filed a petition for a writ of habeas corpus that raised two grounds for relief, the second of which he later withdrew voluntarily. The claim he presses is that by incorrectly instructing the jury regarding the relationship between self-defense and murder, the relationship between the use of excessive force in self-defense and murder, and the definition of voluntary manslaughter, the trial court so undermined defense counsel's closing argument that it amounted to a violation of his Sixth Amendment right to have the effective assistance of counsel.

The respondent has moved to dismiss the petition on the grounds that Melton failed to exhaust his available state remedies with respect to this claim. See 28 U.S.C. § 2254 (b), (c). The basic principles applicable to the question of exhaustion are familiar: before a federal court will entertain a petitioner's application for habeas relief, the petitioner must have fully exhausted his state remedies "in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 518-519 (1982)); see 28

U.S.C. S 2254(b)(1)-(2). The exhaustion requirement ensures that state courts have an opportunity to correct their own federal constitutional errors, demonstrates the federal court's respect for the sovereignty of the states, and promotes comity by "minimizing friction between our federal and state systems of justice." Duckworth v. Serrano, 454 U.S. 1, 3 (1981); see also Rose, 455 U.S. at 518 (discussing the function and importance of the exhaustion doctrine).

In order for this Court to conclude that Melton properly exhausted his claim that he was denied the effective assistance of counsel in violation of the Sixth Amendment's guaranty, it must be evident from the record that he gave the state courts a "full and fair opportunity to confront" that claim. Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 824 (1st Cir. 1988); cf. Picard v. Connor, 404 U.S. 270, 275 (1971) ("We emphasize that the federal claim must be fairly presented to the state courts.").

After his conviction, Melton pursued a direct appeal to the Massachusetts Appeals Court. He also filed a motion for a new trial in the Superior Court, and his appeal from the denial of that motion was consolidated with the direct appeal. The closest he came to an argument based on the Sixth Amendment were a couple of sentences in his brief to the Appeals Court. In the course of an argument that the trial court's instructions were erroneous and violated his right to due process under the Fifth and Fourteenth Amendments, he claimed that the court's "garbled" instructions on self-defense contradicted what the court had previously indicated its instructions on the matter would be, with the consequence that the defendant had been "effectively denied" the "right to a closing argument." He also referred to his reliance "on the trial court's promise of a manslaughter instruction in crafting his closing argument, a right guaranteed by both the state and federal constitutions," and cited Commonwealth v. Triplett, 500 N.E.2d 262, 398 Mass. 561 (1986) (citing Herring v. New York, 422 U.S. 853 (1975)). (See Pet'r's Mem. of Law and App. in Supp. of Pet. for Writ of Habeas Corpus at App. 102.)

This reference to the right to a closing argument was more an aside than a straightforward argument that his Sixth Amendment right to the effective assistance of counsel had been denied by the trial court's "garbled" instructions or by its misleading indication of the instructions it would give. It occurred within the portion of the brief devoted to the argument that the instructions themselves were so substantively defective that Melton had been denied a fair trial in violation of his right to due process of law. There was neither a direct invocation of the Sixth Amendment nor explicit reference to the right to the assistance of counsel. The mention of a federal case, Herring, is perhaps suggestive of a federal constitutional argument, but consultation of that case would not have made plain what the intended argument was. In Herring the Court invalidated a New York state statute that permitted a judge presiding over a non-jury criminal trial to dispense with final arguments entirely (though the statute also provided that if argument were granted to one party, it had to be granted to the other as well). The Court concluded that final summations of the evidence were so universal a feature of criminal trials, both past and present, that the Sixth Amendment's guaranty of the assistance of counsel included the guarantee that counsel not be precluded from making a closing argument. 422 U.S. at 865. That holding may provide a starting point for the constitutional proposition that Melton seeks to advance now in his habeas petition – that the Sixth Amendment right to a closing argument includes the right to instructions that are not "garbled" and the right to a preview of the instructions that is accurate – but mere citation of the case falls a good bit short of articulating that proposition.

The brief's citation of a Massachusetts case, Triplett, would not have helped the reviewing judges to understand that Melton was arguing that the trial court's "garbled" instructions, and/or its misleading pre-instruction indication of what instructions would be given, violated the Sixth Amendment right to effective assistance of counsel. Triplett did resolve an effective assistance claim – principally under Massachusetts law, though with the observation that a finding of ineffective

3

assistance under Massachusetts law would necessarily mean that there had been ineffective assistance under the federal standard as well, see 500 N.E.2d at 267 n.7 – but it was (as in Herring) a very different claim from the one Melton argues here. In Triplett, defense counsel conceded in his closing argument that the defendant had killed the victim, but argued mitigation and asked for a verdict of manslaughter rather than murder. The SJC found that concession "tantamount to an admission of his own client's guilt" that "abdicated his client's position" and left the defendant "denuded of a defense." Id. at 267. The ineffective assistance claim was not tied in any way to the court's promised or actual instructions, as Melton now seeks to do, so that mere citation of Triplett also would not amount to an exposition of the claim.

"[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (stating that "a 'passing reference' to a constitutional issue will not preserve it for habeas review") (quoting Martens, 836 F.2d at 717); Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) ("Consequently, we regularly have held, and today reaffirm, that the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim."); Nadworny v. Fair, 872 F.2d 1093, 1100 (1st Cir. 1989) (stating, "Where a claim deals in generalities – where it alludes to rights violated under state or federal law, or both, in non-specific terms — we have been reluctant to find exhaustion."); Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) (alleging in brief caption that denied "rights to a fair trial and due process of the law" not adequate presentation of federal constitutional claim); Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984) (merely alleging lack of a fair trial does not put court on notice of

4

federal due process claim). It is hard to say that Melton "tendered his federal [Sixth Amendment] claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question" when he presented his arguments to the Appeals Court. Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000); see also Nadworny, 872 F.2d at 1101 ("To reiterate, the crux of the matter relates to probability. And probability must be reflected not by speculation or surmise, but by trappings-specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like-such as would in all likelihood alert a reasonable jurist to the existence of the federal question.").

Regardless of whether the Sixth Amendment argument had been adequately presented in Melton's Appeals Court brief, there is no question that his subsequent Application for Leave to Obtain Further Appellate Review ("ALOFAR") addressed to the Supreme Judicial Court contained no reference at all to a denial of the Sixth Amendment right to the assistance of counsel. The third ground presented in the ALOFAR argued that the trial court's instructions were incorrect, but there was no contention that Melton had been denied effective assistance of counsel as a result of the erroneous instructions, under either state or federal law. Moreover, there was no citation of any federal authority in support of the argument that was made.

The ALOFAR is the decisive pleading for determining whether a habeas claim has been exhausted, Adelson, 131 F.3d at 263, and therefore the specific constitutional claim presented in the habeas petition must have been adequately set forth within the four corners of that document. Id.; see also Mele, 850 F.2d at 823 (stating that "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR"); Clements v. Maloney, 485 F.3d 158, 168 (1st Cir. 2007) ("Both Baldwin, 541 U.S at 32 and Barresi, 296 F.3d at 52 n.1, explicitly hold that claims omitted from an ALOFAR (or similar

5

petition) are unexhausted.").

Melton does not contest that the ALOFAR is generally considered the decisive pleading for exhaustion purposes, and he concedes that his Sixth Amendment claim was not presented within the four corners of his ALOFAR.[1] (See Pet'r's Opp'n to the Mot. to Dismiss at 8-9.) Rather his argument is that his Sixth Amendment claim that he had been denied effective assistance of counsel was presented to the SJC on a motion for reconsideration of the denial of the ALOFAR,[2] and that this presentment was sufficient for exhaustion purposes. The argument is without merit.

In Castille v. Peoples, 489 U.S. 346 (1989), the petitioner argued that his submission of a new (*i.e.*, not previously raised) federal claim to the Pennsylvania Supreme Court in a petition for allocatur constituted a "fair" presentation for exhaustion purposes. Id. at 351. The Court noted that review by grant of an allocatur petition was not a matter of right under the Pennsylvania law but rather of sound judicial discretion and held that the exhaustion requirement is not satisfied "where a claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefore.'" Id. (quoting Pa. R. App. Proc. 1114).

---

[1] Whether Melton had adequately presented the Sixth Amendment claim to the Appeals Court in his brief by the oblique references discussed above is irrelevant to whether it was presented to the SJC. Even though the Appeals Court briefs were available to the SJC in considering the ALOFAR, the court was not required to survey those papers to find an argument or claim omitted from the ALOFAR. Baldwin v. Reese, 541 U.S. 27, 31-32 (2004); see Josselyn v. Dennehy, 475 F.3d 1, 3-4 (1st Cir. 2007).

[2] The ALOFAR was denied January 29, 2004. The motion for reconsideration was filed with the SJC eleven months later on December 20, 2004, and denied February 2, 2005.

A motion for reconsideration of the denial of an ALOFAR is plainly one addressed to the discretion of the court. See Mass.R.App.P. 27(a). Under Castille, presenting an argument omitted from the ALOFAR to the SJC for the first time on a motion for reconsideration (effectively a petition for rehearing within the meaning of Rule 27(a)) is insufficient to constitute fair presentment for purposes of exhaustion. Gunter v. Maloney, 291 F.3d 74, 81-82 (1st Cir. 2002). Accordingly, having omitted the Sixth Amendment claim from the ALOFAR and raised it explicitly for the first time in the motion for reconsideration, the petitioner has not properly exhausted his state court remedies with respect to that claim.

Nonetheless, the claim may be regarded now as effectively exhausted because it would be procedurally barred under Massachusetts law.[3] See Castille, 489 U.S. at 351; see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."); Hall v. DiPaola, 986 F.2d 7, 10 (1st Cir. 1993). In that event, however, Melton would face an additional hurdle. A claim deemed exhausted by procedural default will be considered on a habeas petition only if the petitioner can demonstrate cause for the default and prejudice flowing from it.[4] See Bousley v. United States, 523 U.S. 614, 622 (1998); Simpson v. Matesanz, 175 F.3d 200, 209 (1st Cir. 1999).

---

[3] Under the Massachusetts Rules of Criminal Procedure, a defendant may file a motion for post-conviction relief at any time, but grounds not raised in prior motions are waived unless (1) the trial judge in his discretion allows such grounds to be heard on the merits or (2) the defendant shows that the new grounds raised could not reasonably have been raised earlier. Mass. R. Crim. P. 30(c)(2).

[4] The defaulted claim might also be subject to review if the petitioner claims that he is "actually innocent" of the crime of conviction. The "actual innocence" exception is a very narrow one not frequently applied. It need not be addressed here because Melton has made no claim of actual innocence.

7

Here, there has been no cause demonstrated for Melton's failure to raise the Sixth Amendment claim sometime before the motion for reconsideration of the denial of the ALOFAR. The portions of the record available for review show that the basis for his claim was known since counsel argued and the trial judge allegedly bungled the jury instructions. There has been no suggestion of any external impediment that prevented him from articulating the claim to the Massachusetts courts. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986). Instead, a petitioner must ordinarily "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 488. Nothing approaching such a showing has been made. Since Melton has not demonstrated cause for his default, it is not necessary to consider whether he has established prejudice. See Simpson v. Matesanz, 175 F.3d 200, 215 n.10 (1st Cir. 1999).

For the foregoing reasons, Melton's petition for a writ of habeas corpus is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
District Court Judge